# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LAMONT BUNN, JR. | Case No. 2:25-cv-10048-JLS-ADS |
| Plaintiff(s)/Petitioner(s) | ORDER RE: REPORT AND RECOMMENDATION ON REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| CDCR CSP-Corcoran | |
| Defendant(s)/Respondent(s) | CIVIL RIGHTS, HABEAS, AND SOCIAL SECURITY |

The Court has reviewed the Report and Recommendation prepared by the United States Magistrate Judge on Plaintiff(s)'/Petitioner(s)' Request to Proceed *In Forma Pauperis* and the documents submitted with the IFP Request. The Court:

☒ accepts the findings, conclusions and recommendations of the Magistrate Judge.
☐ rejects the findings, conclusions and recommendations of the Magistrate Judge.
☐ _____, the findings, conclusions and recommendations of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that the Request to Proceed *In Forma Pauperis* is:

☐ **DENIED**. Plaintiff/Petitioner must pay the filing fees in full within 30 days of this order.
☒ **DENIED**. This case is DISMISSED ☒ with prejudice. ☐ without prejudice. **(JS-6).**
☐ **DENIED**, with leave to amend ☐ the IFP application ☐ the complaint/petition within 30 days.
  If Plaintiff/Petitioner fails to submit the required documents within 30 days, this case will be dismissed.
☐ **GRANTED**.
☐ **GRANTED**. **IT IS FURTHER ORDERED that:**
  In accordance with 28 U.S.C. § 1915, the prisoner-Plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $_____ must be paid within 30 days of this Order. Thereafter, monthly payments must be forwarded to the Court in accordance with 28 U.S.C. § 1915(b)(2). Failure to pay the filing fee, as ordered, may result in dismissal of the case.
☐ **GRANTED;**
  ☐ the Court will screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and, if applicable, § 1915A.
  ☐ the Court will screen the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

☒ **Other:**

> This action is dismissed without leave to amend and with prejudice because Defendant is immune from relief under the Eleventh Amendment, and the action is frivolous. See Narula v. Orange Cnty. Superior Ct., No. 21-55974, 2022 WL 17500721, at *1 (9th Cir. Dec. 8, 2022) (claims properly dismissed with prejudice as barred by Eleventh Amendment immunity because amendment would have been futile); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1244, 1246, 1249 (9th Cir. 1999) (same); Lopez v. Smith, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) (en banc) ("[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend").

Dated: December 3, 2025

By: /s/ Josephine L. Staton
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

CV-73OR 9/25        Order Re: Report and Recommendation on Request to Proceed *In Forma Pauperis*
                    (Civil Rights, Habeas, and Social Security)